**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROBERT EARL JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. 04-CV-0195-CVE-FHM |
| | ) |
| REGINALD HINES, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state inmate appearing *pro se*. Before the Court are Petitioner's motions to amend pleadings (Dkt. ## 30, 31, and 32). Petitioner provided a proposed amended petition along with each motion to amend. Respondent has not responded or otherwise objected to the motions to amend. For the reasons discussed below, the Court finds the first motion to amend (Dkt. # 30) shall be denied. The second and third motions to amend (Dkt. ## 31 and 32) shall be granted and the proposed amended petitions shall be filed of record. Respondent may respond or otherwise plead to the claims asserted in the amended petitions.

*BACKGROUND*

A ruling on the motions to amend requires a brief review of the factual and procedural history of Petitioner's claims. In his petition (Dkt. # 1), Petitioner challenges the validity of his convictions entered in Tulsa County District Court, Case No. CF-2000-1569. In that case, Petitioner was convicted by a jury of two counts of Assault and Battery Upon a Police Officer, (Counts 1 and 2) and one count of Unlawful Possession of Controlled Drug (Count 3). Petitioner was sentenced to twenty (20) years imprisonment on Counts 1 and 2, and to twelve (12) years imprisonment on Count 3, with the sentences to be served consecutively. Petitioner was represented at trial by Dawn

Weiler and Peter Astor, Assistant Public Defenders.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by Stuart Southerland, Assistant Public Defender, Petitioner raised three (3) propositions of error as follows:

> Proposition 1: The evidence was insufficient to support Appellant's convictions for the crime of Assault and Battery on a Police Officer.
>
> Proposition 2: Under the facts presented, Appellant should only be subject to a single conviction for Assault and Battery Upon a Police Officer.
> 1. Appellant's convictions for two counts of Assault and Battery upon a Police Officer violate the Double Jeopardy provisions of both the Oklahoma and United States Constitutions.
> 2. 21 O.S. § 649, by its own terms, does not support multiple violations based upon the number of officers claiming injury.
>
> Proposition 3: Appellant's sentence of fifty-two years in the custody of the Department of Corrections is excessive and should be modified by this Court.
> 1. The trial court's decision to run each of Appellant's prison terms consecutively was an abuse of discretion.
> 2. Appellant's sentence is excessive and should be modified.

(Dkt. # 7, Direct Appeal Record, Ex. 2). In an unpublished summary opinion, filed November 20, 2002, in Case No. F-2001-682, the OCCA rejected Petitioner's claims and affirmed the Judgment and Sentence of the trial court. (Id., Ex. 5). Petitioner filed a petition for rehearing. (Id., Ex. 6). On December 12, 2002, the OCCA denied the petition for rehearing. (Id., Ex. 7)

On November 7, 2003, Petitioner filed an application for post-conviction relief in the state district court. By order filed December 22, 2003, the state district court denied Petitioner's request for post-conviction relief. Petitioner appealed to the OCCA. On post-conviction appeal, he identified the following propositions of error:

> Proposition 1: Petitioner was denied due process and equal protection of the laws as the trial court's sentencing policy was an abuse of discretion, where similarly situated

>              defendants were granted relief. [O.R. 20.][1]
>
> Proposition 2:  Petitioner has proof that police committed perjury and trial counsel was ineffective to deny a fair and impartial trial. [O.R. 21.]
>
> Proposition 3:  Ineffective assistance of appellate counsel failed in his obligation to properly present the issue that by law this sentence must be modified. [O.R. 24.]
>
> Proposition 4:  Petitioner was provided with inadequate assistance of [trial and appellate] counsel. [O.R. 26.]
>
> Proposition 5:  Multiple punishments violates 21 O.S.1991, § 11, and prohibitions against double punishment and double jeopardy. [O.R. 31.]
>
> Proposition 6:  Appellate counsel was ineffective for failure to challenge fundamental error. [O.R. 32.]
>
> Proposition 7:  Mr. Jackson was prejudiced by his trial counsel's failure to investigate available defenses, as counsel failed to present a viable defense of self defense or request a proper instruction for justifiable and excusable cause in this case of excessive force involving police. [O.R. 33.]
>
> Proposition 8:  Trial counsel waived fatal defects, and allowed amendments for variance to prejudice Mr. Jackson's defense at trial, resulted in violation of due process. [O.R. 33.]

(Dkt. # 7, Record for OCCA Case No. PC-2004-41, Ex. 5). By Order filed March 8, 2004, the OCCA affirmed the denial of post-conviction relief. (Id.)

Petitioner filed the instant habeas corpus action on March 15, 2004 (Dkt. # 1). In his petition, Petitioner raises the following six (6) grounds of error:

> Ground 1:  Petitioner was denied his 14th Amendment rights to the U.S. Const. Thereby rendering his trial court sentencing proceedings null and void.
>> Petitioner contends represents and demonstrates to this Court that he was denied both Due Process and Equal Protection of the laws as the trial court's sentencing proceeding policy in Petitioner's case was an abuse of discretion where similarly (if not identically) situated

---

[1]The citation to "O.R." corresponds to the Post-Conviction Original Record, Vol. I, provided by Respondent as part of the state court records. See Dkt. # 7.

3

|  |  |  |
|---|---|---|
|  |  | defendants were granted relief (O.R. 20). |
| | Ground 2: | Petitioner was denied effective assistance of trial counsel.<br>Petitioner has proof that police committed perjury in his trial and trial counsel was ineffective to deny Petitioner a fair and impartial by not exposing and revealing that police officers perjured themselves (O.R. 21). |
| | Ground 3: | Ineffective assistance of appellate counsel.<br>Appellate counsel was ineffective because he failed in his obligation to properly present the issue by law petitioner's sentence must be modified (O.R. 24). |
| | Ground 4: | 6th Amendment violation of trial and appellate counsel.<br>Petitioner was provided with inadequate assistance of trial counsel appellate counsel (O.R. 26). |
| | Ground 5: | Petitioner was subjected to 5th Amendment violation of Double Punishment and Double Jeopardy.<br>Multiple punishments and prohibition violations in Petitioner's trial and sentencing proceedings denied him his 5th and 14th Amendment Double Jeopardy rights (O.R. 31). |
| | Ground 6: | Ineffective assistance of appellate counsel.<br>Appellate counsel was ineffective for failure to challenge fundamental error (O.R. 32). |
| | Ground 7: | Ineffective assistance of trial counsel.<br>Trial counsel prejudiced Petitioner due to his failure to investigate available defense of self-defense or request proper instructions and he waived fatal defects as shown in proposition 8 (O.R. 33). |

(Dkt. # 1). On June 1, 2004, Respondent filed a response to the petition, contending that grounds 1 and 5 are procedurally barred and that Petitioner is not entitled to relief on his claims of ineffective assistance of trial and appellate counsel. On August 6, 2004, Petitioner filed a reply (Dkt. # 14) to Respondent's response. At that point, the issues raised in the original petition were fully briefed and the petition was before the Court for review.

4

## *MOTIONS TO AMEND*

On May 9, 2006, Petitioner filed his first "motion for leave to amend pleadings" (Dkt. # 30). Petitioner sent a proposed "motion under 28 U.S.C. § 2254 to vacate, set aside, or correct sentence" along with the motion to amend. On May 25, 2006, Petitioner filed a second "motion for leave to amend pleadings" (Dkt. # 31). Again, Petitioner sent a proposed "amended petition" along with his motion to amend. On February 5, 2007, Petitioner filed his third "motion for leave to amend pleadings (Dkt. # 32), and again included a proposed "amended petition." The Court notes that the proposed "amended petitions" sent with the second and third motions are nearly identical to each other. Notably, those proposed "amended petitions" have different exhibits attached.

Consideration of Petitioner's motions to amend petition is governed by Fed. R. Civ. P. 15(c) (providing conditions determining whether an amended pleading relates back to the date of the original pleading). See United States v. Espinoza-Saenz, 235 F.3d 501 (10th Cir. 2000). After reviewing the claim asserted by Petitioner in the proposed "motion under 28 U.S.C. § 2254 to vacate, set aside, or correct sentence," the Court finds Petitioner actually seeks leave to amend his petition by adding a new ground of error, i.e., that one of the prior convictions used to enhance his punishment was void. Because the claim asserted in the first proposed "motion" is an entirely new claim, it does not relate back to the original petition. See Woodward v. Williams, 263 F.2d 1135, 1142 (10th Cir. 2001) (citing Espinoza-Saenz, 235 F.3d at 505, for proposition that "an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion *if and only if* the original motion was timely filed and *the proposed amendment does not seek to add a new claim or to insert a new theory into the case*"); see also United States v.

Duffus, 174 F.3d 333 (3d Cir. 1999). In the proposed "amended petitions" sent with the second and third motions to amend, Petitioner asserts additional facts in support of an ineffective assistance of appellate counsel claim raised as ground 6 in the original petition. Because Petitioner seeks to amplify one of the ineffective assistance of appellate counsel claims raised in the original petition, the Court finds the claims raised in the second and third proposed amended petitions relate back to the original petition.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to habeas corpus claims. See 28 U.S.C. § 2244(d). Pursuant to 28 U.S.C. § 2244(d)(1)(A), a habeas corpus petition must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In this case, Petitioner timely filed his original petition. However, his first proposed "motion" was not filed until more than 2 years after filing the original petition, or well after expiration of the one-year limitations period.[2] Since Petitioner's new claim asserted in the first amended petition does not relate back to the date of the original petition, the Court finds that, unless

---

[2] The record demonstrates that Petitioner's convictions entered in Tulsa County District Court, Case No. CRF-2000-1569, became final on February 18, 2003, or 90 days after entry of the OCCA's order on direct appeal. As a result, absent statutory or equitable tolling, Petitioner's deadline for filing his federal petition was February 18, 2004. However, Petitioner sought post-conviction relief during the one-year period. The record reflects that Petitioner's post-conviction proceedings were pending in the state courts from November 7, 2003, until March 8, 2004, or for a total of 122 days. Therefore, Petitioner's federal habeas corpus deadline was extended 122 days beyond February 18, 2004, or until June 19, 2004. Petitioner filed his original petition on March 15, 2004, or well in advance of the deadline. However, the first motion to amend was filed May 9, 2006, or almost two (2) years after the deadline had passed. The Court also notes that the post-conviction action referenced by Petitioner in his proposed amended pleadings was filed after expiration of the limitations period and challenged his convictions in Tulsa County District Court, Case No. CRF-1995-4408, and not the convictions at issue in the instant case. As a result, the pendency of that action did not toll the limitations period applicable to Petitioner's convictions entered in Tulsa County District Court, Case No. CRF-2000-1569.

6

Petitioner is entitled to tolling of the limitations period, to allow the filing of the first proposed amended pleading adding an additional claim would frustrate the intent of Congress in enacting the statute of limitations provisions of the AEDPA.

The Court finds no statutory or equitable basis for tolling the limitations period in this case. First, the pendency of the instant federal case does not serve to toll the federal limitations period under 28 U.S.C. § 2244(d)(2). Duncan v. Walker, 533 U.S. 167 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2)). Second, although the statute of limitations contained in § 2244(d) may be subject to equitable tolling where extraordinary circumstances beyond the prisoner's control prevent a petitioner from timely filing his petition, see Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998), Petitioner is not entitled to equitable tolling in this case. To be entitled to equitable tolling, a habeas petitioner must demonstrate that he has pursued his federal claims diligently. Id. Nothing in the record suggests Petitioner exercised diligence in pursuing the new claim identified in the proposed amended pleading sent with the first motion to amend. As a result, the Court finds no basis for equitably tolling the limitations period in this case. Therefore, the claim identified in the proposed amended petition sent with the first motion to amend would be time-barred. For that reason, Petitioner's first "motion for leave to amend pleadings" shall be denied.

Because the claims asserted in the proposed amended petitions sent with the second and third motions to amend relate back to the claim of ineffective assistance of appellate counsel asserted in the original petition, the Court finds the filing of those proposed amended petitions is not precluded by the one-year limitations bar. Therefore, the second and third motions to amend shall be granted. The Clerk shall file the proposed amended petitions of record in this matter. The claims asserted

in the two amended petitions shall be adjudicated as supplements to the ineffective assistance of appellate counsel claim raised as ground 6 in the original petition. As directed below, Respondent shall file either a response to the allegations contained in the amended petitions or a notice of intent to stand on the response to the original petition. Petitioner may file a reply.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's first "motion for leave to amend pleadings" (Dkt. # 30) is **denied**. The Clerk shall return the proposed "motion under 28 U.S.C. § 2254 to vacate, set aside, or correct sentence" to Petitioner.

2. Petitioner's second "motion for leave to amend pleadings" (Dkt. # 31) is **granted**. The Clerk shall file the first proposed "amended petition" of record in this matter as of May 25, 2006.

3. Petitioner's third "motion for leave to amend pleadings" (Dkt. # 32) is **granted**. The Clerk shall file the second proposed "amended petition" of record in this matter as of February 5, 2007.

4. The claims asserted in the two amended petitions shall be adjudicated as supplements to the ineffective assistance of appellate counsel claim raised as ground 6 in the original petition.

5. **Within twenty (20) days** of the entry of this Order, Respondent shall file either a response to the allegations contained in the amended petitions or a notice of intent to stand on the response to the original petition.

6. Petitioner may file a reply **within twenty (20) days** of the filing of a response by Respondent.

**DATED** this 7th day of February, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

8