## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ROBERT EARL JACKSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 04-CV-0195-CVE-FHM** |
| | ) | |
| **REGINALD HINES,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1), as amended and supplemented[1] (Dkt. ## 26 attachments, 34, 35, 46).  Petitioner challenges his convictions and sentences in Tulsa County District Court, Case No. CF-2000-1569.  Respondent filed a response[2] (Dkt. ## 5, 36), and provided state court records[3] necessary for adjudication of Petitioner's claims (Dkt. # 7).  Petitioner filed a reply to Respondent's response (Dkt. # 14), and supplements to his reply (Dkt. ## 38, 46).  Petitioner has also provided copies of state court records

---

[1]     Petitioner has been granted leave to amend or supplement his petition on three occasions.  See Dkt.## 29, 33, 46. By orders of this Court, Petitioner was advised that the "amended" petitions would be adjudicated as supplements to claims set forth in his original petition.

[2]     By Order entered February 7, 2007 (Dkt. # 33), Respondent was given the option to either file a response to the allegations contained in the amended petitions or a notice of intent to stand on the response to the original petition (Dkt. # 5). Respondent filed a notice that he opts to stand on his original response (Dkt. # 36).

[3]     The records provided by Respondent include copies of the Post Conviction Original Record (P.C.O.R.), the Direct Appeal Record (D.A.R), and the jury trial transcripts (Tr. Trans.).

he asserts would assist in the adjudication of his claims. For the reasons discussed below, the Court

finds that the petition, as amended and supplemented,[4] shall be denied.

### BACKGROUND

Shortly after midnight on the evening of March 20, 2000, Tulsa police officer Tom Ford

observed a car drive through a red light at the intersection of Pine and Peoria in Tulsa, Oklahoma.

Officer Ford turned on his emergency flashers to conduct a traffic stop, and called his dispatcher for

back-up. Before approaching the stopped vehicle, Officer Ford observed the driver drop a dark

colored object out of the driver's side window. Officer Ford's back-up, Officer Steve Dickson,

arrived and the two policemen approached the driver. They asked about the object which had been

dropped out of the window. The driver, Robert Earl Jackson, indicated the object was not his.

Officer Ford picked up the dark object and identified it as a black, eyeglasses case, with baggies of

cocaine and marijuana visible inside the case. The police officers asked Mr. Jackson to step out of

the car because they were going to place him under arrest. Upon exiting the car, Petitioner pushed

the officers out of the way, grabbed the glasses case and began running. The officers chased him.

When the officers caught up with Petitioner, a scuffle ensued. Due to Petitioner's combativeness,

both officers were injured before they were able to place handcuffs on Mr. Jackson. Officer Ford's

glasses were broken, and Officer Dickson's finger was broken.

Petitioner was arrested, charged, and convicted by a jury of two counts of Assault and

Battery Upon a Police Officer (Counts 1 and 2), and one count of Unlawful Possession of a

Controlled Drug (Count 3), all after Former Conviction of Two Felonies.  He was sentenced to

---

[4]     Petitioner's efforts to bombard this Court with "supplements" and "amendments" have
        impeded the Court's review of the issues. Many of Petitioner's arguments are repetitive, and
        his attachments and exhibits are duplicated in multiple pleadings.

2

twenty (20) years imprisonment on Counts 1 and 2, and to twelve (12) years imprisonment on Count 3, with the sentences to be served consecutively. Petitioner was represented at trial by Dawn Weiler and Peter Astor, Assistant Public Defenders.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by Stuart Southerland, Assistant Public Defender, Petitioner raised three (3) propositions of error on direct appeal:

Proposition 1: The evidence was insufficient to support Appellant's convictions for the crime of Assault and Battery on a Police Officer.

Proposition 2: Under the facts presented, Appellant should only be subject to a single conviction for Assault and Battery Upon a Police Officer.

1. Appellant's convictions for two counts of Assault and Battery upon a Police Officer violate the Double Jeopardy provisions of both the Oklahoma and United States Constitutions.

2. 21 O.S. § 649, by its own terms, does not support multiple violations based upon the number of officers claiming injury.

Proposition 3: Appellant's sentence of fifty-two years in the custody of the Department of Corrections is excessive and should be modified by this Court.

1. The trial court's decision to run each of Appellant's prison terms consecutively was an abuse of discretion.

2. Appellant's sentence is excessive and should be modified.

(Dkt. # 7, D.A.R., Ex. 2). In an unpublished summary opinion, filed November 20, 2002, in Case No. F-2001-682, the OCCA rejected Petitioner's claims and affirmed the Judgment and Sentence of the trial court. (Id., Ex. 5). Petitioner filed a petition for rehearing. (Id., Ex. 6). On December 12, 2002, the OCCA denied the petition for rehearing. (Id., Ex. 7).

On November 7, 2003, Petitioner filed an application for post-conviction relief in the state district court.[5] By order filed December 22, 2003, the state district court denied Petitioner's request for post-conviction relief (Dkt. # 7, P.C.O.R. Vol. II at 215). Petitioner appealed to the OCCA. On post-conviction appeal, he identified the following propositions of error:

Proposition 1: Petitioner was denied due process and equal protection of the laws as the trial court's sentencing policy was an abuse of discretion, where similarly situated defendants were granted relief. [O.R. 20.][6]

Proposition 2: Petitioner has proof that police committed perjury and trial counsel was ineffective to deny a fair and impartial trial. [O.R. 21.]

Proposition 3: Ineffective assistance of appellate counsel failed in his obligation to properly present the issue that by law this sentence must be modified. [O.R. 24.]

Proposition 4: Petitioner was provided with inadequate assistance of [trial and appellate] counsel. [O.R. 26.]

Proposition 5: Multiple punishments violate 21 O.S.1991, § 11, and prohibitions against double punishment and double jeopardy. [O.R. 31.]

Proposition 6: Appellate counsel was ineffective for failure to challenge fundamental error. [O.R. 32.]

---

[5]   According to an OCCA order attached to Petitioner's most recent amendment (Dkt. # 46), Petitioner has filed three applications for post-conviction relief in Tulsa County District Court Case No. CF-2000-1569. His second post conviction appeal was found to be frivolous by the OCCA. In its order in the third proceeding, the OCCA barred Petitioner from seeking post-conviction relief on the same issues which "have been addressed, repeatedly, by the Tulsa County District Court and by this [OCCA] Court." The "repetitive" claims of error include ineffective assistance of appellate counsel, denial of due process, improper jury instructions, and improper sentence enhancement. See Dkt. # 46, Ex. J "Order Affirming Denial of Post Conviction Relief and Barring Petitioner from any Further Post Conviction Filings in Case No. CF-2000-1569 from the District Court of Tulsa County" filed February 21, 2007, in OCCA Case No. PC-2006-1251.

[6]   The citation to "O.R." corresponds to the Post-Conviction Original Record, provided by Respondent as part of the state court records, and also referred to as P.C.O.R.. See Dkt. # 7.

Proposition 7: Mr. Jackson was prejudiced by his trial counsel's failure to investigate available defenses, as counsel failed to present a viable defense of self defense or request a proper instruction for justifiable and excusable cause in this case of excessive force involving police. [O.R. 33.]

Proposition 8: Trial counsel waived fatal defects, and allowed amendments for variance to prejudice Mr. Jackson's defense at trial, resulted in violation of due process. [O.R. 33.]

(Dkt. # 7, P.C.O.R., Ex. 5).  By Order filed March 8, 2004, the OCCA affirmed the district court's denial of post-conviction relief.  (Id.)

Petitioner initiated the instant habeas corpus action on March 15, 2004 (Dkt. # 1). In the original petition, Petitioner raises the following seven[7] grounds of error:

Ground 1: Petitioner was denied his 14th Amendment rights to the U.S. Const. Thereby rendering his trial court sentencing proceedings null and void.

Petitioner contends represents and demonstrates to this Court that he was denied both Due Process and Equal Protection of the laws as the trial court's sentencing proceeding policy in Petitioner's case was an abuse of discretion where similarly (if not identically) situated defendants were granted relief (O.R. 20).

Ground 2: Petitioner was denied effective assistance of trial counsel.

Petitioner has proof that police committed perjury in his trial and trial counsel was ineffective to deny Petitioner a fair and impartial [trial] by not exposing and revealing that police officers perjured themselves (O.R. 21).

Ground 3: Ineffective assistance of appellate counsel.

Appellate counsel was ineffective because he failed in his obligation to properly present the issue by law petitioner's sentence must be modified (O.R. 24).

---

[7] Although Petitioner only briefly sets forth the nature of the seven claims in his original petition, he references the post-conviction original record and his original post-conviction application. Accordingly, this Court has construed Petitioner's claims as the same claims raised on post-conviction.

Ground 4:      6th Amendment violation of trial and appellate counsel.

           Petitioner was provided with inadequate assistance of trial counsel [and] appellate counsel (O.R. 26).

Ground 5:      Petitioner was subjected to 5th Amendment violation of Double Punishment and Double Jeopardy.

           Multiple punishments and prohibition violations in Petitioner's trial and sentencing proceedings denied him his 5th and 14th Amendment Double Jeopardy rights (O.R. 31).

Ground 6:      Ineffective assistance of appellate counsel.

           Appellate counsel was ineffective for failure to challenge fundamental error (O.R. 32).

Ground 7:      Ineffective assistance of trial counsel.

           Trial counsel prejudiced Petitioner due to his failure to investigate available defense of self-defense or request proper instructions and he waived fatal defects as shown in proposition 8[8] (O.R. 33).

(Dkt. # 1).  Respondent filed a response to the petition (Dkt. # 5), contending that grounds 1 and 5 are procedurally barred, and that Petitioner is not entitled to relief on his claims of ineffective assistance of trial and appellate counsel. Petitioner filed a reply (Dkt. ## 14, 38).  As stated above, Petitioner has supplemented his arguments in "amended" petitions (Dkt. ## 34, 35, 46), and in a supplement to the record (Dkt. # 26).

## ANALYSIS

### A.    Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982).

---

[8]    There is no proposition 8 in the habeas petition.

Respondent concedes, and the Court agrees, that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case.

In addition, although Petitioner has repeatedly taken the position that an evidentiary hearing is an absolute necessity, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

## B.    Claims adjudicated by OCCA

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated Petitioner's claims relating to due process, equal protection, double jeopardy, and ineffective assistance of counsel on direct appeal or in post-conviction

proceedings. Therefore, to the extent Petitioner's claims are cognizable in a federal habeas corpus proceeding and not procedurally barred, those claims shall be reviewed pursuant to § 2254(d).

1. **Ineffective assistance of appellate counsel - (grounds 3, 6)**

In his third ground Petitioner alleges his appellate counsel was ineffective for failing to adequately present his claim that his sentence must be modified. Specifically, Petitioner asserts that his appellate counsel was ineffective because he failed to argue that his sentences for Assault and Battery Upon a Police Officer should be modified due to a legislative change in the punishment. The OCCA addressed this issue in its order affirming the denial of post-conviction relief, finding:

> In Proposition 3 of his Application for Post-Conviction Relief, Petitioner claimed that his appellate counsel provided him with ineffective assistance by not arguing within the Brief-in-Chief that Petitioner's sentence was excessive because "the legislature [subsequent to Petitioner's offense] amended the minimum sentence for assault and battery upon a police officer, after former convictions of two felony offenses, from twenty years minimum term to four years." (O.R. 25). In support of this claim, Petitioner provided the District Court with a copy of this Court's Summary Opinion demonstrating that appellate counsel did advance a proposition of error claiming Petitioner's sentence was excessive. Petitioner, however, did not provide the District Court with a copy of the appellate pleadings filed by his appellate counsel. Petitioner therefore did not offer the District Court any proof that his counsel omitted the excessive sentencing argument urged by Petitioner. He thus does not establish it was error for the District Court to deny post-conviction relief upon Proposition 3.

Dkt. # 1, Ex. 1 at 5 (footnote omitted). Respondent asserts that the OCCA's finding was correct, and further asserts that the legislative change argument was, in fact, raised by appellate counsel on direct appeal. The record reveals that Petitioner's appellate counsel did argue on direct appeal that Petitioner's sentence should be modified due to a legislative change in the punishment for Assault and Battery Upon a Police Officer. A review of the brief of appellant filed on December 18, 2001, in OCCA Case No. F-2001-682, and the reply brief filed on April 3, 2002, reveals that Petitioner's appellate counsel argued extensively about the effect of Oklahoma's new sentencing law on

8

Petitioner's alleged excessive sentences.  See Dkt. # 7, D.A.R., Ex. 2 at 21-22; see also appellant's

reply brief, Ex. 4 at 5- 10. Significantly, the Court notes that some of the language used by Petitioner

in presenting this claim of ineffective assistance of appellate counsel is identical to the language

used by appellate counsel in the direct appeal briefs. Compare Dkt. # 7, D.A.R., Ex.4 at 7, with Dkt.

# 46 at 16 (page not numbered).   Accordingly, Petitioner's claim that his appellate counsel was

ineffective for failing to raise this issue is contradicted by the record and without merit.

 In ground six, Petitioner alleges that his appellate counsel was constitutionally ineffective

for failing to raise three fundamental errors. Petitioner first claims that his appellate counsel should

have challenged the sufficiency of the evidence and the instructions relating to his conviction for

unlawful possession of a controlled drug. Next, he asserts that his appellate counsel did not

challenge the trial court's failure to give an instruction on the lesser included offense of simple

police assault. Third, Petitioner complains that his appellate counsel did not challenge the validity

of one of his prior convictions which should have been barred by double jeopardy. The OCCA

affirmed the district court's denial of relief on these ineffective assistance of appellate counsel

claims, finding that appellate counsel's representation was "sufficient to meet the standards

enunciated in Strickland."[9] Dkt. # 1, Ex. 1 at 7. Respondent responds that Petitioner has failed to

demonstrate that the OCCA's decision was an unreasonable application of Strickland.

 Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of

appellate counsel unless he establishes that the OCCA's adjudication of this claim was an

unreasonable application of Supreme Court precedent.  To establish ineffective assistance of

counsel, a defendant must show that his counsel's performance was deficient and that the deficient

---

[9] Strickland v. Washington, 466 U.S. 668 (1984).

performance was prejudicial.  Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases.  Strickland, 466 U.S. at 687-88.  There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential.  "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  Id. at 689.  To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).  Failure to establish either prong of the Strickland standard will result in denial of relief.  Id.; Hatch v. Oklahoma, 58 F.3d 1447, 1457 (10th Cir.1995).

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing U.S. v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court must determine whether appellate counsel's

failure to raise the claim on direct appeal was deficient and prejudicial. <u>Hawkins</u>, 185 F.3d at 1152; <u>see also Cook</u>, 45 F.3d at 394. More particularly, "the relevant questions are whether appellate counsel was 'objectively unreasonable' in failing to raise these . . . claims on direct appeal and, if so, whether there is a 'reasonable probability that, but for his counsel's unreasonable failure' to raise these claims, [Petitioner] 'would have prevailed on his appeal.'" <u>Neill v. Gibson</u>, 278 F.3d 1044, 1057 (10th Cir. 2001).

a.    *Failure to challenge the sufficiency of the evidence and the instructions relating to his conviction for unlawful possession of a controlled drug.*

In the first part of ground six, Petitioner alleges that his appellate counsel should have challenged the sufficiency of the trial evidence presented to support the conviction for unlawful possession of a controlled drug. The jury found, "Defendant is guilty of the crime of Unlawful Possession of Controlled Drug, cocaine or cocaine and marijuana, and punishment is set at 12 years and a $5,000 fine." Tr. Trans. Vol. IV at 524. Petitioner argues that the proof at trial was insufficient to sustain his conviction insofar as it related to marijuana, and that his appellate counsel was ineffective for refusing to raise the issue on direct appeal.

In examining the sufficiency of the evidence, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979).  In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility.  <u>Wingfield v. Massie</u>, 122 F.3d 1329, 1332 (10th Cir. 1997); <u>Messer v. Roberts</u>, 74 F.3d 1009, 1013 (10th Cir. 1996).  Instead, the Court must view the evidence in the "light most favorable to the prosecution,"  <u>Jackson</u>, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason."  <u>Grubbs</u>

11

v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993).   Petitioner claims that there was no proof that marijuana was found in his possession (Dkt. # 14 at 15). The Court does not agree. Officer Ford testified that a baggie of marijuana and a torn baggie of cocaine were recovered after Petitioner dropped them during the scuffle with the officers. Tr. Trans. Vol. II at 239. Officer Ford identified the marijuana based upon his training and experience. Id. at 245. He indicated that he had come across marijuana several hundred times in almost nineteen years, had been trained to identify it, and that the substance recovered from Petitioner was consistent in smell, texture, color and feel to marijuana. Id. at 245-46. The Court concludes that there was sufficient evidence to support a jury's finding of guilt of possession of marijuana beyond a reasonable doubt. Because the evidence was sufficient under the Jackson standard, Petitioner's appellate counsel was not ineffective for failing to challenge the sufficiency of the evidence on direct appeal.

Petitioner also complains that his appellate counsel was ineffective for failing to challenge "insufficient instructions" relating to possession of marijuana.  In his brief in support of post-conviction application,[10]  Petitioner argues that Instruction No. 6[11] "was prejudiced to mislead the jury with the impression that common sense would be sufficient contrary to the law in such a case that the law provides the PROOF shall rule the day." P.C.O.R. at 67. He argues that this instruction

---

[10]    The Court was unable to discern the basis for this portion of Petitioner's ground 6 claim without referring to the arguments in the post-conviction brief.

[11]    Instruction No. 6 provides, "You should consider only the evidence introduced while the court is in session. You are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified when considered with the aid of the knowledge which each of you possess in common with other persons. You may make deductions and reach conclusions which reason and common sense lead you to draw from the fact which you find to have been established by the testimony and evidence in the case." Dkt. # 7, O.R. of Case No. F-2001-682, at 160.

prejudiced him "as the jury is directed to relate to testimony that was meant to mislead them, as Officer Ford's testimony to the substance was of look and smell." Id. He also challenges Instruction No. 27 on the grounds that it relieved the state from its burden to prove each element of the offense charged. Id. Instruction No. 27 describes the Oklahoma law relating to the crime of unlawful possession of a controlled drug. See Dkt. # 7, O.R. of Case No. F-2001-682, at 183. The Court has reviewed Instruction No. 6 and No. 27, and finds they accurately reflect the law. Contrary to Petitioner's belief, his appellate counsel's representation was not deficient for failing to challenge these instructions on direct appeal.

b.      *Failure to challenge the trial court's refusal to give an instruction on the lesser included offense of simple police assault.*

For this portion of his ineffective assistance of appellate counsel claim, Petitioner asserts that appellate counsel should have challenged the trial court's refusal to instruct the jury on a lesser included offense of assault on police (Dkt. # 14 at 16).

Mr. Jackson's jury convicted him of two counts of the offense of Assault and Battery on a Police Officer. Consideration of a lesser included offense would only have occurred had the jury not found Petitioner guilty of the charged offense. In fact, Petitioner's jury was given a lesser included offense instruction for the offense of Resisting an Officer. See Dkt. # 7, D.A.R. Vol. I at 178. The jury was instructed that, "If you have a reasonable doubt of the defendant's guilt of the charge of Assault and Battery Upon a Police Officer, you must then consider the charge of Resisting an Officer." Id. Because the jury found Petitioner guilty of Assault and Battery Upon a Police Officer, they never reached the issue of a lesser included offense. Petitioner is unable to show that the giving of another lesser included offense instruction would have changed the outcome of his trial. Trial counsel was not ineffective for failing to request a lesser included offense instruction on Simple

13

Police Assault. Thus, appellate counsel was not ineffective for failing to raise the ineffective assistance of trial counsel issue on appeal.

c.   *Failure to challenge the validity of one of his prior convictions which should have been barred by double jeopardy.*

Petitioner's constitutional challenge in the third part of ground six relates to the use of prior convictions to enhance the punishment he received in Tulsa County Case No. CF-2000-1569.[12] Petitioner asserts that his appellate counsel did not challenge the trial court's improper use of a previous conviction in Tulsa County District Court Case No. CF-95-4408 to enhance his sentences in Case No. CF-2000-1569.  He also argues that his appellate counsel failed to raise an ineffective assistance of trial counsel claim based on the fact that his trial counsel did not challenge use of this previous conviction (Dkt. # 7, P.C.O.R. at 72-73).

Petitioner claims that the use of CF-95-4408 for enhancement purposes was invalid because the sentence in CF-95-4408 was to run concurrently with the sentence in CF-95-4621. His judgment and sentence in CF-95-4621 was vacated on double jeopardy grounds (Dkt. # 7, P.C.O.R. Vol. II at 211). This claim was not raised on direct appeal, and Petitioner now asserts his appellate counsel was ineffective for not raising the issue. The Court does not agree. Petitioner's appellate counsel was not ineffective for failing to raise the enhancement issue on direct appeal because the issue is without merit.

Petitioner mistakenly believes that once the concurrent sentence in CF-95-4621 was vacated, the judgment and sentence in CF-95-4408 was "void on its face" and "invalid under the law." See

---

[12]   The jury was provided copies of two Judgment and Sentence ("J & S") documents. See Dkt. # 7, Tr. Trans. jury trial exhibits, Exs. 14, 15. The J & S for CF-95-4408 mentions on the second page that it is to be served "concurrent to CF-95-4621." Id. at Ex. 14. Petitioner does not appear to be challenging the J & S for CF-94-3960 (Id. at Ex. 15).

14

Dkt. # 35 at 4-7. His reliance on <u>Barenblatt v. U.S.</u>, 360 U.S. 109 (1959), and <u>Benton v. Maryland</u>, 395 U.S. 784 (1969), lends no support to his argument. The <u>Barenblatt</u> case centered around a defendant's refusal to answer questions propounded by Congress during committee hearings and is wholly unrelated to any issues raised by Petitioner in his ground six claim. The <u>Benton</u> Court found a double jeopardy violation when a defendant was retried on a specific charge for which he had previously been acquitted, but provides no support for Petitioner's position on the issue at hand. Further, Petitioner provides no legal or factual support evidencing that his judgment and sentence in CF-95-4408 has been, or should be, vacated.[13] Apparently, he now seeks a ruling from this Court that the judgment and sentence in CF-95-4088 should be declared null and void.

Federal habeas corpus relief is not available when a prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which a petitioner is no longer in custody. <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394, 398 (2001). In <u>Lackawanna</u>, a state prisoner contended that an earlier conviction used to enhance his state court sentence was the product of ineffective assistance of counsel. As in <u>Lackawanna</u>, Petitioner's current sentences were adversely affected by a prior conviction for which he is no longer in custody.[14] Although 28 U.S.C. §2254 provides federal court habeas review of state criminal proceedings for compliance with federal constitutional mandates, the proceedings "are not available indefinitely and without limitation." <u>Id.</u> at 403 (quoting <u>Daniels v. U.S.</u>, 532 U.S. 374, 381 (2001)).

_____

[13]   In its February 21, 2007, order denying post-conviction relief and barring Petitioner from further post-conviction filings, the OCCA found that Petitioner's repeated efforts to challenge CF-95-4408 were frivolous. <u>See</u> Dkt. # 46, Ex. J at 3, n.2.

[14]   Pursuant to the Oklahoma Department of Corrections website, Petitioner's two year sentence in CF-95-4088 ended on March 31, 1998. www.doc.state.ok.us

"[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Id. at 403-04 (internal citation omitted).

This Court is precluded from considering a direct challenge to the validity of CF-95-4408. Id. at 404; Daniels, 532 U.S. at 382. Nonetheless, because the conviction may be regarded as conclusively valid, the trial court's use of the judgment and sentence in CF-95-4088 for enhancement purposes was not error. Petitioner's trial attorney was not ineffective for failing to challenge use of the CF-95-4088 judgment and sentence. Likewise, his appellate counsel was not ineffective for failing to raise the issue on direct appeal or raise an issue of ineffective assistance of counsel relating to this issue.

Petitioner has failed to demonstrate that the OCCA's finding on the ineffective assistance of appellate counsel issues raised in grounds three and six was an unreasonable application of Supreme Court law. Accordingly, Petitioner is not entitled to habeas corpus relief on these grounds.

### 2.      Ineffective assistance of trial and appellate counsel - multiple issues (ground 4)

Petitioner briefly states in his ground four claim that, "[H]e was provided with inadequate assistance of trial counsel [and] appellate counsel. (O.R. 26)." See Dkt. # 1 at 8.  In his reply (Dkt. # 14), Petitioner provides some detail about the alleged inadequacies of his counsel. In order to analyze Petitioner's claim of error, however, the Court finds it necessary to rely upon Petitioner's

16

more thorough explanation found in his application for post-conviction relief, where the claim was raised for the first time. (Dkt. # 7, P.C.O.R. at 26).

Although Petitioner included allegations of both trial and appellate counsel ineffectiveness, the OCCA found that the claims of ineffective assistance of trial counsel were waived, and addressed only the appellate counsel ineffectiveness.

> The District Court examined these ineffective assistance claims and correctly held that the standard to be applied in evaluating them is that of "reasonable effective assistance" as set out in *Strickland v. Washington*, 446 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). (O.R. 219). In applying this standard, the District Court observed that Petitioner's appellate counsel was "not required to advance every argument, regardless of merit" and "carefully selected legal issues to be raised on appeal." (O.R. 221). The District Court concluded, "Petitioner's appellate counsel was reasonably competent," and it therefore denied Petitioner's claim of ineffective assistance of appellate counsel. (O.R. 221).

> Thus, the District Court found that the appellate counsel's performance was sufficient to meet the standards enunciated in *Strickland*. The record before us does not demonstrate that the District Court erred in finding appellate counsel's performance adequate.

Dkt. # 1, Ex. 1 at 6. Petitioner must demonstrate that the OCCA's decision was an unreasonable application of Strickland. He must convince this Court that the issues omitted by appellate counsel were meritorious. He must further demonstrate that the failure of appellate counsel to raise the omitted issues constituted deficient performance by counsel which prejudiced Petitioner. Strickland, 466 U.S. at 687. Because Petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise certain issues on direct appeal, the Court shall first examine the merits of the omitted issues. Hawkins, 185 F.3d at 1152; U.S. v. Cook, 45 F.3d 388, 392 (10th Cir. 1999).

Petitioner's first ground four contention of error is that he was not present nor advised of the instructions that would be given to the jury, and was not present when trial counsel allowed an amendment to the Information (Dkt. # 7, P.C.O.R. at 26). Insofar as Petitioner asserts that he was

not advised of the instructions that would be given, the trial record reflects that he was present when the judge and the attorneys reviewed the instructions. Tr. Trans. Vol IV at 485. It appears that trial counsel did waive Petitioner's appearance for purposes of a "brief segment of the trial" when the judge asked the jury whether they would prefer to wait while the parties concluded preparation of the instructions or if they would like to take their lunch break first (id. at 483-84). However, the record specifically reflects that the "parties and counsel" were present when the instructions were discussed (id. at 485). Petitioner incorrectly states that, "During the time Jackson was not in the courtroom, counsel allowed amendments to the defects in dispute by Jackson's motions and demurrers." See Dkt. # 14 at 7, referencing Tr. Trans. Vol. IV at 484-85. The record clearly reflects that the only matter discussed during Petitioner's absence was the timing of the jurors' lunch break. Tr. Trans. Vol. IV at 483-85. Petitioner's constitutional rights were not violated by the attorney's waiver of Petitioner's appearance during this brief segment of the trial.

Next, Petitioner argues that his trial counsel refused to argue the merits of a *pro se* motion to quash, suppress and dismiss, yet "presented the same issue as a cornerstone to a defense during trial." Dkt. # 7, P.C.O.R. at 9. According to Petitioner's own argument, the referenced motion was filed by Petitioner on March 16, 2001, and heard by the court on March 23, 2001 (Dkt. # 7, P.C.O.R. Vol. I at 27). At the hearing, Petitioner was asked if he had "anything to present to supplement the motion?" Petitioner answered, "No." See Dkt. # 7, Motion Trans. at 5-6. As noted by Respondent, there is no evidence that trial counsel refused to argue anything. The Court finds that trial counsel's representation was not deficient regarding this issue.

Petitioner next argues his counsel was constitutionally ineffective for failing to object to the State's use of an unverified TRACIS report at trial. See Dkt. # 7, State's Ex. 8. The report was admitted into evidence during Officer Ford's testimony (Tr. Trans. Vol. III at 305). Significantly, Petitioner's counsel objected in open court to the admission of the report. Id. Petitioner's allegation that his counsel "never once objected" to the admission and use of the TRACIS report during trial is contradicted by the record.

For his next claim of ineffective assistance of counsel, Petitioner asserts that his attorney allowed "the trial to proceed in a one stage proceeding thereby placing the defendant's character and reputation in issue from the onset." Dkt. # 7, P.C.O.R. Vol. I at 28. He argues that his attorney waived his right to a second stage of trial. Further, he cites Oklahoma law in support of his claim that a second stage of trial proceedings cannot be waived. Id. Again, the record does not support Petitioner's claim.  After consultation with his attorney, Petitioner elected to testify on his own behalf (Tr. Trans. Vol. III at 417-19). During that testimony, Petitioner admitted his prior convictions (id. at 441, 443-44). As noted by Respondent, it is well established in Oklahoma that "a defendant who confesses the former convictions under oath is not entitled to a bifurcated trial." Ray v. State, 788 P.2d 1384, 1386 (Okla. Crim. App. 1990). In addition, there is no federal constitutional right to a bifurcated trial. Spencer v. Texas, 385 U.S. 554, 568 (1967) ("Two-part jury trials . . . have never been compelled by this Court as a matter of constitutional law, or even as a matter of federal procedure."). Petitioner's counsel did not waive Petitioner's "right" to a second stage of trial.

19

Finally, Petitioner asserts that his trial counsel failed to investigate and present available evidence because the record "is silent of any mitigating evidence introduced by defense or witness that would rebut, and impeach the testimony of police." Dkt. # 7, P.C.O.R. Vol. I at 29. Petitioner fails to explain what mitigating evidence was available. Petitioner further contends that his trial counsel did not challenge the trial court's jurisdiction on the grounds that the Information was "indirect, uncertain, and wholly failed to state an offense, to wit: the essential elements of the initial misdemeanor charge "RED LIGHT VIOLATION 47-11-202(a)(1)." Id. There is no requirement that Petitioner must be charged with running a red light once the prosecutor has determined that other charges are more appropriate. Petitioner has failed to demonstrate a constitutional violation in this argument.

As to Petitioner's ground four claim of ineffective assistance of appellate counsel, Petitioner has failed to show how the OCCA's resolution of this issue was contrary to, or an unreasonable application of, Supreme Court law. The issues Petitioner claims were omitted by his appellate counsel did not rise to the level of constitutional violations. The Court concludes that he has failed to demonstrate that the result of his appeal would have been different had appellate counsel raised the omitted claims of ineffective assistance of trial counsel.

**3.      Double Jeopardy (part of ground 5)**

For his fifth proposition of error, Petitioner claims that his convictions violate the prohibition against double jeopardy and double punishment (Dkt. # 1 at 10).  Respondent asserts that this claim is procedurally barred because Petitioner expanded the double jeopardy claim raised on direct appeal to include a double punishment argument and to include all three of his convictions (Dkt. # 5 at 5-7).

Petitioner replies in his fourth amended petition that a procedural bar, if any, was caused by ineffective assistance of appellate counsel (Dkt. # 46).

On direct appeal, Petitioner claimed in proposition two that he should be subject to only a single conviction for assault and battery upon a police officer. See Dkt. # 7, D.A.R., Ex. 2 at 8-14. He also argued that he should not be subjected to double punishment for his single act arising out of his resistance to the officers' attempts to subdue him. Incorporated within his proposition two were double punishment and double jeopardy arguments, alleging violations of Oklahoma law and the United States Constitution. Id. The OCCA rejected Petitioner's claims, finding:

> Concerning Proposition II, there is no double jeopardy violation because there were different victims and different, distinct blows against each victim. *Blockberger v. United States*, 284 U.S. 299, 52 S.Ct. 182, 76 L.Ed. 306; *Mooney v. State*, 1999 OK CR 34, 990 P.2d 875; *Jennings v. State*, 1973 OK CR 74, 506 P.2d 931; *Clay v. State*, 1979 OK CR 26, 593 P.2d 509; *Wilson v. State*, 1973 OK CR 43, 506 P.2d 604; *Wimberly v. State*, OK CR 37, 698 P.2d 27. This proposition is denied.

Dkt. # 7, D.A.R., Ex. 5 at 2-3.

As stated above, a writ of habeas corpus will not be issued on a state claim adjudicated on the merits unless the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1).

First, insofar as Petitioner asserts that he has suffered double punishments in violation of Oklahoma law or the Oklahoma Constitution (Dkt. # 14 at 3), the claim shall be denied because it is not cognizable on federal habeas corpus review.  A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62,

21

67-8 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions).  Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.; 28 U.S.C. §§ 2241.  Petitioner's double punishment claim, insofar as it may be based on Oklahoma law, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

Nor is Petitioner entitled to relief under § 2254(d) on his double jeopardy claim insofar as he alleges that he should have received only one conviction for assault and battery on a police officer.  The Double Jeopardy Clause protects against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969), *overruled on other grounds by* Alabama v. Smith, 490 U.S. 794 (1989).  This protection is limited to ensuring "that the sentencing discretion of courts is confined to the limits established by the legislature," for it is the legislature that is vested with "the substantive power to prescribe crimes and determine punishments." Ohio v. Johnson, 467 U.S. 493, 499 (1984).  Thus, when cumulative sentences are imposed by a state court in a single trial, this Court will hold that a § 2254 petitioner has been subjected to double jeopardy if the sentencing court meted out "greater punishment that the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983). This Court is bound by the construction of a state statute given to it by the highest court in the state when assessing the intent of the state legislature. Id. at 368. The OCCA has held that, "[I]t has long been part of our jurisprudence that, where crimes against the person are involved, even though various acts are part of the same transaction, they will constitute separate and distinct crimes where they are directed at separate and distinct persons." Jennings v. State, 506 P.2d 931, 935 (Okla. Crim. App. 1973).

Further, the OCCA consistently applies the "same elements" or <u>Blockburger</u> test,[15] which states that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932); <u>see</u> <u>also</u> <u>United States v. Dixon</u>, 509 U.S. 688, 696 (1993). The Tenth Circuit has confirmed that the <u>Blockberger</u> "same elements" test can be applied to facts where crimes, even though part of the same general transaction, will constitute separate and distinct crimes when directed at separate and distinct persons. <u>Steele v. Young</u>, 11 F.3d 1518, 1523 (10th Cir. 1993) (citing the Oklahoma case of <u>Jennings v. State</u>, 506 P.2d 931, 935 (Okla. Crim. App. 1973)).

In Petitioner's case, the convictions on two separate assault and battery charges required proof of separate facts as to the two officers.  In Oklahoma, assault and battery upon a police officer is a crime against the person. Because there were two victims, notwithstanding that both were assaulted in a continuing incident between Petitioner and the two officers, there is no double jeopardy problem. <u>See</u>, <u>e.g.</u>, <u>Mansfield v. Champion</u>, 992 F.2d 1098, 1101 (10th Cir. 1993) (two individuals robbed of separately owned property during one incident did not create double jeopardy problem). Petitioner has not established that the OCCA's decision was contrary to or an unreasonable application of Supreme Court law, or that it was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas corpus relief on his double jeopardy claim insofar as it challenges the separate convictions for the two assault and battery convictions.

---

[15]     "In cases of multiple punishment in a single trial, this Court utilizes the 'same evidence' test (whether each offense contains an element not contained in the other)." <u>Mooney v. State</u>, 990 P.2d 875, 884 (Okla. Crim. App. 1999).

Finally, as noted by Respondent, Petitioner has expanded his double jeopardy argument to include a claim that all three convictions (two assault and battery convictions and his unlawful possession of a controlled substance conviction) exposed him to double jeopardy. That specific claim was first raised in Petitioner's post-conviction proceedings, and is subject to a procedural bar analysis. Accordingly, it will be addressed in the section below dealing with procedural bar issues.

**4.      Ineffective assistance of trial counsel - multiple issues (ground 7)**

In the seventh proposition, Petitioner asserts that his trial counsel's failure to investigate available defenses such as self-defense, and failure to request an instruction on self-defense, constituted ineffective assistance of counsel (Dkt. # 1 at 10). As noted above, the state courts found that Petitioner's trial and appellate counsel acted reasonably.

The Tenth Circuit Court of Appeals has noted that, "In Oklahoma, self-defense is not available to an aggressor." Le v. Mullin, 311 F.3d 1002, 1027 (10th Cir. 2002)(citing Ruth v. Oklahoma, 581 P.2d 919, 922 (Okla. Crim. App. 1978)). In this case, there was substantial evidence that Petitioner was the aggressor. Officer Ford testified that the following occurred when he asked Petitioner to step out of his car:

> A:      He steps out of the car, and I told him to turn around and place his hands behind his back, that he was under arrest.
>
> Q:      Did you inform him -- based on what, what he was being arrested for?
>
> A:      Yes, for possession of controlled drugs.
>
> Q:      And then what happens next?
>
> A:      He didn't hesitate at all. He reached up and gave me basically a forearm shiver, elbow into the chest, knocking me backwards. He grabbed the glasses case and took off running east from where we were.

24

Q:     Let's back up just a little bit. You said that he -- that he gave you a forearm shiver. And you went back approximately how many feet?

A:     It knocked me back several feet. I would say three or four feet.

Dkt. # 7, Tr. Trans. Vol. II at 232. Officer Dickson provided a similar account:

Q:     So he asks the defendant to step out of the car. What happens next?

A:     He has him turn around, face away from him. He begins to take him into custody. The suspect at first -- seemed like he was going to cooperate, then he breaks -- shoves Corporal Ford backwards.

Q:     Let me stop you there for a second. When you said shoved Corporal Ford, you did your arm out, extending -- bent at the elbow, extending out. Describe for the record what kind of motion the defendant shoved Officer Ford with.

A:     It's kind of a arm strike, a forearm strike.

Q:     Please continue from that point.

A:     He then turns and runs towards where the glasses case is on the back of the car. I move -- I see where he's going to, so I move closer to the back of [the] car. He grabs the glasses case and shoves me back with his arm, forearm, about the same type strike.

Q:     Now, when he strikes you, what happens to your person?

A:     I kind of fall backwards, and as I do, trying to catch my balance, I dropped my flashlight.

Dkt. # 7, Tr. Trans. Vol. III at 322-23. The evidence was clear that Petitioner was the aggressor and initiated the physical confrontation between himself and the arresting officers. Because Petitioner was the aggressor, he was not entitled to claim self-defense or have a self-defense instruction. The Court finds that his trial counsel provided constitutionally effective representation and the state court's determination was not an unreasonable application of Strickland.

25

C.    **Procedural Bar (grounds 1, 2, part of 4, and part of 5)**

The record confirms that the issues raised in Petitioner's first and second grounds, part of his fifth ground, and the ineffective assistance of trial counsel claims raised in ground 4, were not presented to the OCCA on direct appeal. These claims were raised for the first time in Petitioner's post-conviction proceedings, and were not reviewed on the merits by the state court. The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991).  "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985.  A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)). The Tenth Circuit has recognized that, "Oklahoma's procedural rule barring post-conviction relief for claims petitioner could have raised on direct appeal constitutes an independent and adequate ground" barring federal habeas corpus review. Sherill v. Hargett, 184 F.3d 1172, 1175 (10th Cir. 1999).

This Court may not consider a petitioner's procedurally barred claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered.  See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997).  The cause standard requires a petitioner to "show that some

objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

1.   **Trial judge's sentencing "policy" denied Petitioner of due process and equal protection (ground 1)**

In ground one, Petitioner claims he was denied both due process and equal protection because the trial judge's sentencing policy was an abuse of discretion where similarly situated defendants were granted relief. He asserts that the trial judge declined to consider all possible sentencing options based upon a "policy" of running sentences consecutively (Dkt. # 7, P.C.O.R. at 20). In support of his equal protection claim, Petitioner points to similar Oklahoma appellate cases in which the OCCA granted relief on the same claim.

In its order affirming the district court's denial of post-conviction relief, the OCCA addressed Petitioner's first two grounds as follows:

> Petitioner's Propositions 1 and 2 raise matters that either were raised or could have been raised in his direct appeal. Thus, they are barred unless Petitioner proved before the District Court that he possessed the sufficient reason required by Section 1086 for their consideration. In this regard, Petitioner's post-conviction appeal brief argues that "[a]ppellate counsel inadequately raised the question posed" in Proposition 1 by "address[ing] the issue in a reply brief and Petition for Rehearing." (Brief of Pet'r at 2). As concerns Proposition 2, Petitioner argues that his claim of perjury is "newly discovered evidence." (*Id.* at 3).

We need not decide whether Petitioner's appellate counsel inadequately raised Petitioner's Proposition 1 or whether Petitioner's Proposition 2 involves newly discovered evidence. This is because Petitioner did not make these arguments before the District Court as concerns his Propositions 1 and 2. It is axiomatic that before this Court will consider an issue on appeal, the matter must first be presented to the District Court for resolution. We therefore do not find it error for the District Court to have denied Propositions 1 and 2 based upon procedural bar.

Dkt. # 1, Ex. 1 at 4-5 (footnotes omitted).

Applying the principles of procedural bar to this case, the Court concludes that Petitioner's first and second grounds for relief are procedurally barred. The OCCA's procedural bars, based on Petitioner's failure to raise grounds one and two on direct appeal, and his failure to present his defenses to the procedural bar to the state district court for consideration are "independent" state grounds because state law provided "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. Additionally, the procedural bars imposed on these two claims were based on "adequate" state grounds sufficient to bar the claims on federal habeas corpus review. See Steele v. Young, 11 F.3d 1518, 1522 (10th Cir. 1993) The OCCA routinely bars claims that could have been but were not raised on direct appeal, as well as claims that were not first presented to the state district court before being raised on post-conviction appeal.

In this habeas corpus action Petitioner attributes his failure to raise ground one on direct appeal to the fact that he didn't know of the trial judge's "policy" until it was brought to the attention of the OCCA in other cases (Dkt. # 14). Although the OCCA addressed only Petitioner's argument that Petitioner's counsel "inadequately raised the question" on direct appeal, Petitioner did assert in his post-conviction appeal that the "existence of [Judge Morrissey's] 'policy' hadn't developed until she exercised it enough times to draw the attention of the OCCA and Appellate (sic) had no notice of the issue until the unpublished decisions." Dkt. # 7, P.C.O.R. Ex. 4 "Brief in

Support of Petition in Error from Denial of Post-Conviction Relief" at 3. Thus, he appears to be arguing that his procedural default of ground one issues should be excused because the factual or legal basis for his claim was not reasonably available to his counsel.[16] The Court finds this argument unavailing. The Supreme Court has held, "[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures." Reed v. Ross, 468 U.S. 1, 16 (1984). In this case, the Court concludes that Judge Morrissey's "policy" was not sufficiently novel at the time of Petitioner's appeal to excuse his attorney's failure to raise it at the time. Petitioner's attorney had sufficient basis to challenge the trial judge's decision to run Petitioner's sentences consecutively on the grounds of an abuse of discretion. The OCCA's later determination that this particular trial judge had an unacceptable "policy" of sentencing defendants differently if they went to trial rather than accept a plea bargain does not provide adequate support to Petitioner's claim that his procedural bar should be excused because he did not know of the "policy." Petitioner has failed to demonstrate cause for his procedural default of his ground one claim.

Further, Petitioner is not entitled to relief insofar as he asserts that ineffective assistance of appellate counsel should excuse his failure to present this claim on direct appeal. It is well established that in certain circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986). However, the ineffective assistance of appellate counsel claim itself must be presented to the state

---

[16]     In fact, Petitioner's appellate counsel did raise the issue of Judge Morrissey's "policy" in his petition for rehearing after the OCCA rendered its opinion on direct appeal (Dkt. # 7, D.A.R., Ex. 6). The OCCA denied the request for a rehearing in its order filed December 12, 2002 (Dkt. # 7, D.A.R., Ex. 7).

courts as an independent claim before it may be used to establish cause for a procedural default. Id. at 489; Edwards v. Carpenter, 529 U.S. 446, 453 (2000). As noted by the OCCA, Petitioner failed to raise this claim in his post-conviction application before the district court. Accordingly, the OCCA rejected the argument on procedural grounds (Dkt. # 1, Ex. 1 at 4-5). Thus, Petitioner has procedurally defaulted his ineffective assistance of appellate counsel claim as cause for the procedural default of his ground one claim.

Finally, Petitioner does not demonstrate that he was actually innocent, so the Court finds that the "fundamental miscarriage of justice" exception is inapplicable to excuse Petitioner's procedural default. Because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result, the Court concludes that it is procedurally barred from considering the merits of Petitioner's ground one proposition. Coleman v. Thompson, 510 U.S. 722, 724 (1991).

**2.** **Ineffective assistance of trial counsel for failing to expose perjury of police officers' testimony - newly discovered evidence (ground 2)**

As his second ground for relief, Petitioner asserts that his trial counsel was constitutionally ineffective for failing to expose perjured testimony of various police officers who testified that Petitioner did not require medical attention after his arrest. Petitioner claims that he had a seizure as a result of pepper spray used on him during his arrest, and that Officers Tom Ford, Steve Dickson and Chad Moyer lied under oath about this matter. See Dkt. # 14 at 5. This issue was raised as ground two in Petitioner's application for post-conviction relief (P.C.O.R. Vol II at 217). Without addressing the issue directly, the state district court found that issues which were not raised or were inadequately raised on direct appeal were barred from consideration for post-conviction relief (id. at 218). Further, insofar as Petitioner alleged he was "denied effective assistance of counsel during

30

all stages of trial and on direct appeal," the district court found Petitioner's counsel acted as "reasonably competent attorneys under the facts and circumstances of the case." Id. at 220. Citing Strickland v. Washington, 466 U.S. 668 (1984), the court found that counsel's performance was not deficient under prevailing professional norms because trial counsel "exercised peremptory challenges, cross-examined the State's witnesses and presented evidence in Petitioner's defense." Id. at 220-21. On appeal of the district court's denial of post-conviction relief, Petitioner submitted "newly discovered evidence" consisting of a Tulsa Fire Department incident report[17] which supported his claim that the officers committed perjury when they testified that he did not receive medical attention after his arrest. See P.C.O.R., Ex. 4 "Brief in Support" at 4-5. The OCCA declined to review the merits of this argument because it was not presented to the district court in Petitioner's post-conviction application (Dkt. # 1, Ex. 1 at 4-5).

Because the OCCA relied upon independent and adequate procedural grounds in declining to review this issue, the Court may not consider Petitioner's ground two claim unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered.  In his reply, Petitioner does not address the OCCA's finding of procedural default. Instead, Petitioner argues the merits of his ineffective assistance of trial counsel claim in response to the Respondent's contention that trial counsel was not ineffective as determined by the district court in its denial of post-conviction relief. Petitioner has failed to show cause and prejudice or demonstrate that he is subjected to a fundamental miscarriage of justice.

---

[17]     Petitioner has also provided this Court multiple copies of the Tulsa Fire Department's incident report indicating there was an "emergency medical call" made on March 20, 2000, to see Robert Jackson at the police station. See e.g., Dkt. # 26 attachment.

Accordingly, this Court concludes that it is procedurally barred from considering the merits of Petitioner's ground two proposition. Coleman v. Thompson, 510 U.S. 722, 724 (1991).

### 3.     Ineffective assistance of trial counsel (part of ground 4)

Petitioner alleges in his fourth ground for relief that he did not have the effective assistance of trial counsel.[18] The issues raised in Petitioner's fourth ground were not presented to the OCCA on direct appeal.  Petitioner presented his ineffective assistance of trial counsel claims to the state courts for the first time in his post-conviction proceedings. The OCCA affirmed the denial of relief on Petitioner's ineffective assistance of trial counsel claims specifically finding that the claims could have been but were not raised on direct appeal, and that Petitioner had waived the claims (Dkt. # 1, Ex. 1). In response to the petition, Respondent asserts that this Court should uphold the procedural bar imposed by the OCCA as to Petitioner's claims of ineffective assistance of trial counsel. The Court agrees with Respondent that Petitioner's ground four ineffective assistance of trial counsel claims are procedurally barred.

Because of Petitioner's procedural default, this Court may not consider the claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered.  See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997).  In this case, Petitioner alleges that appellate counsel provided ineffective assistance in failing to raise the defaulted claims of ineffective assistance of trial counsel on direct appeal. In Part B of this opinion, the Court determined that appellate counsel did not provide ineffective assistance in failing to raise the defaulted claims of ineffective assistance

---

[18]     The Court has identified Petitioner's specific claims of ineffective assistance of trial counsel in adjudicating his claim of ineffective assistance of appellate counsel in Part B of this opinion.

of trial counsel on direct appeal because the claims lack merit. Therefore, the Court concludes that Petitioner has not demonstrated cause for the procedural default of his ineffective assistance of trial counsel claims.  Further, Petitioner does not assert that he is actually innocent of the crimes for which he was found guilty.  As a result, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result, the Court concludes that it is procedurally barred from considering the merits of Petitioner's ground four, ineffective assistance of trial counsel claim. Coleman, 510 U.S. at 724.  Habeas corpus relief on that ground shall be denied.

### 4.        Double jeopardy/double punishment (part of ground 5)

As part of his fifth ground, Petitioner claims that he has been subjected to double punishment and double jeopardy because all three of his convictions arose out of a single act. As noted above, this claim represents an expansion of the double jeopardy and double punishment claim raised on direct appeal to include an assertion that his constitutional rights were violated because he was subjected to three convictions for the same offense. The OCCA did not review this issue on the merits in its order affirming the denial of post-conviction relief, finding that it would "not consider issues barred by res judicata or issues that have been waived." See P.C.O.R., Ex. 5 at 3. Petitioner fails to offer any "cause and prejudice" or fundamental miscarriage of justice argument to excuse his failure to raise this particular issue on direct appeal. Accordingly, this Court is precluded from considering the merits of his expanded double jeopardy/double punishment argument insofar as he is claiming that three separate convictions for one offense violated his constitutional rights.

33

However, the Court observes that Petitioner would not be entitled to relief, in any event, on this claim for the same reasons explained in paragraph B.3, above.

### CONCLUSION

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus, as amended and supplemented (Dkt. ## 1, 34, 35, 46), is **denied**. A separate Judgment shall be entered.

**DATED** this 4th day of September, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT