# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

ROBERT EARL JACKSON,      )
     )
        Petitioner,      )
     )
v.      )      **Case No. 04-CV-0195-CVE-FHM**
     )
REGINALD HINES, Warden,      )
     )
        Respondent.      )

## OPINION AND ORDER

On September 19, 2011, Petitioner, a state inmate appearing *pro se*, filed a motion requesting leave to file a motion to vacate pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. # 65), a Rule 60(b) motion (Dkt. # 66) and supporting brief (Dkt. # 67), a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 68), and a motion to proceed *in forma pauperis* (Dkt. # 69). The record for this matter reflects that on September 4, 2007, the Court denied Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus and entered Judgment in favor of Respondent. See Dkt. ## 47 and 48. Petitioner appealed to the Tenth Circuit Court of Appeals. On March 10, 2008, the Tenth Circuit denied a certificate of appealability and dismissed the appeal. See Dkt. # 62. Petitioner filed a petition for writ of *certiorari* at the United States Supreme Court. That petition was denied on March 30, 2009. See Dkt. # 64.

As a preliminary matter, Petitioner's motion to proceed *in forma pauperis* is unnecessary and shall be declared moot. Next, the Court shall grant Petitioner request for leave to file a Rule 60(b) motion. However, the Rule 60(b) motion and the habeas corpus petition shall be dismissed for lack of jurisdiction. In his Rule 60(b) motion, Petitioner alleges that his present sentence is void because it was improperly enhanced with an invalid prior conviction. Thus, Petitioner asserts or reasserts grounds for relief from his sentence, and does not assert claims challenging procedural rulings by

this Court. As a result, the Rule 60(b) motion is a second or successive § 2254 petition filed without prior authorization from the Tenth Circuit. See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005) (finding that a motion for relief from judgment, seeking to advance one or more substantive claims, qualified as a "second or successive habeas petition"); see also Lopez v. Douglas, 141 F.3d 974 (10th Cir. 1998); Felker v. Turpin, 101 F.3d 657, 661 (11th Cir. 1996) (stating that "Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions").

The Court further finds that the 28 U.S.C. § 2254 petition filed by Petitioner on September 19, 2011, is a second or successive petition filed without prior authorization from the Tenth Circuit. Because Petitioner filed both his Rule 60(b) motion and his second or successive 28 U.S.C. § 2254 habeas corpus petition without first receiving authorization from the Tenth Circuit Court of Appeals, this Court lacks jurisdiction to consider either the motion or the petition. Lopez, 141 F.3d at 975-76. Petitioner is required to comply with the AEDPA's relevant provisions and must obtain prior authorization from the Tenth Circuit Court of Appeals before filing a second or successive § 2254 petition in this district court. 28 U.S.C. § 2244(b).

The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good

faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Upon review of Petitioner's Rule 60(b) motion and second or successive 28 U.S.C. § 2254 petition, the Court finds it would be a waste of judicial resources to transfer the motion and the petition to the Tenth Circuit for authorization. Both the motion and the petition were filed more than two years after the Supreme Court denied Petitioner's petition for writ of *certiorari* following this Court denial of relief under 28 U.S.C. § 2254. Petitioner makes no claim of actual innocence and neither the motion nor the petition contains evidence that could not have been discovered with due diligence at the time of sentencing. Therefore, any constitutional claim contained in the motion and second habeas petition is time-barred. Nothing provided by Petitioner indicates that he is entitled to equitable tolling of the one-year limitations period. Cf. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se Petitioner, generally does not excuse prompt filing.'"(citations omitted)). Furthermore, Petitioner has failed to articulate a claim that is likely to have merit.[1] For all of those reasons, the Court concludes that it would be a waste of judicial resources to transfer this matter to the Tenth Circuit

---

[1]Significantly, both this Court and the Tenth Circuit addressed Petitioner's claim that his attorneys provided ineffective assistance in failing to argue that his sentence was improperly enhanced with an invalid prior conviction. See Dkt. ## 47, 62.

for authorization. Therefore, both the Rule 60(b) motion and the second or successive habeas corpus petition shall be dismissed for lack of jurisdiction.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's request for leave to file a Rule 60(b) motion (Dkt. # 65) is **granted**.

2. Petitioner's Rule 60(b) motion (Dkt. # 66) is **dismissed** for lack of jurisdiction as a second or successive petition for writ of habeas corpus filed without prior authorization from the Tenth Circuit Court of Appeals.

3. Petitioner's 28 U.S.C. § 2254 petition (Dkt. # 68) is **dismissed** for lack of jurisdiction as a second or successive 28 U.S.C. § 2254 petition filed without prior authorization from the Tenth Circuit Court of Appeals.

4. Petitioner's motion to proceed *in forma pauperis* (Dkt. # 69) is **declared moot**.

**DATED** this 6th day of October, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT