**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ROBERT EARL JACKSON,** )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>**REGINALD HINES, Warden,** )<br>)<br>Respondent. ) | Case No. 04-CV-195-CVE-FHM |

**OPINION AND ORDER**

On November 3, 2011, Petitioner, a state inmate appearing *pro se*, filed a "motion to alter or amend judgment" (Dkt. # 73). The Court shall adjudicate the motion under Fed. R. Civ. P. 59(e). In his Rule 59(e) motion, Petitioner requests that the Court alter or amend its prior ruling, entered October 6, 2011 (Dkt. # 70), dismissing both his Rule 60(b) motion (Dkt. # 66) and a petition for writ of habeas corpus (Dkt. # 68) for lack of jurisdiction as second or successive petitions filed without prior authorization from the Tenth Circuit Court of Appeals. Petitioner asserts a substantive claim that his state court conviction and sentence should be invalidated based on ineffective assistance of appellate counsel for failing to raise a claim of improper sentence enhancement. See Dkt. # 73 at 7.  He further claims that the challenges he brings to his conviction and sentence are "not successive, but factually related to a previously asserted claim." See id. at 3, ¶ 9. For those and other reasons, Petitioner requests that the Court alter or amend its prior ruling and that he be allowed to proceed with his habeas corpus claims.

In light of the procedural posture of this case,[1] the Court finds that Petitioner's Rule 59(e) motion qualifies as another successive petition for writ of habeas corpus filed without prior authorization from the Tenth Circuit Court of Appeals. See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005) (finding that a motion for relief from judgment, seeking to advance one or more substantive claims, qualified as a "second or successive habeas petition"). As previously explained to Petitioner, see Dkt. # 70, the Court lacks jurisdiction to consider his claims because he is required to obtain authorization from the Tenth Circuit before filing another habeas petition in this court. 28 U.S.C. § 2244(b). In light of the disposition of the prior motion for relief from judgment, the Court finds it was clear when Petitioner filed the instant motion that the Court lacked the requisite jurisdiction. Therefore, Petitioner's Rule 59(e) motion to alter or amend judgment shall be dismissed without prejudice for lack of jurisdiction. In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).

**ACCORDINGLY, IT IS HEREBY ORDERED that** Petitioner's Rule 59(e) motion to alter or amend judgment (Dkt. # 73) is **dismissed without prejudice** for lack of jurisdiction as a successive petition for writ of habeas corpus filed without prior authorization from the Tenth Circuit Court of Appeals.

DATED THIS 19th day of December, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] The record for this matter reflects that on September 4, 2007, the Court denied Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus and entered Judgment in favor of Respondent. See Dkt. ## 47 and 48. Petitioner appealed to the Tenth Circuit Court of Appeals. On March 10, 2008, the Tenth Circuit denied a certificate of appealability and dismissed the appeal. See Dkt. # 62. Petitioner filed a petition for writ of *certiorari* at the United States Supreme Court. That petition was denied on March 30, 2009. See Dkt. # 64.