IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT EARL JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 04-CV-0195-CVE-FHM |
| ) | |
| REGINALD HINES, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This is a closed 28 U.S.C. § 2254 habeas corpus action. On April 13, 2013, Petitioner, a state inmate appearing pro se, filed a "Motion for 60(b) Rehearing" (Dkt. # 100). In his motion, Petitioner argues, as he has in previous post-judgment motions, see Dkt. ## 66, 78, 93, that this Court erred in denying habeas corpus relief on his claim that appellate counsel provided ineffective assistance in failing to argue on direct appeal that Petitioner's sentences, entered in Tulsa County District Court, Case No. CF-2000-1569, were improperly enhanced.[1] See Dkt. # 100. For that reason, Petitioner requests that the judgment entered against him be set aside.

Petitioner's Rule 60(b) claim is a substantive challenge to the validity of his Judgment and Sentence entered in state court. As a result, the instant Rule 60(b) motion qualifies as a successive petition for writ of habeas corpus filed without prior authorization from the Tenth Circuit Court of

---

[1] Petitioner continues to claim that because one of his prior convictions, entered in Tulsa County District Court, Case No. CF-1995-4621, has been vacated, his appellate counsel provided ineffective assistance in failing to challenge the enhancement of his current sentences with another conviction, entered in Tulsa County District Court, Case No. CF-1995-4408. Petitioner's sentence in Case No. CF-1995-4408 was ordered to be served concurrently with the sentence ultimately vacated in CF-1995-4621. However, as noted by both this Court and the Tenth Circuit Court of Appeals, the conviction used for enhancement, Case No. CF-1995-4408, has not been vacated and is valid. See Dkt. ## 47, 62. The vacated conviction was not used for enhancement. Petitioner has never challenged the validity of another conviction, entered in Tulsa County District Court, Case No. CF-1994-3960, also used to enhance his current sentences.

Appeals.[2] See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005) (finding that a motion for relief from judgment, seeking to advance one or more substantive claims, qualified as a "second or successive habeas petition"); In re: Pickard, 681 F.3d 1201, 1204-05 (10th Cir. 2012) (explaining that "a Rule 60(b) motion is actually a second-or-successive petition if the success of the motion depends on a determination that the court had incorrectly ruled on the merits in the habeas proceeding"); Spitznas v. Boone, 464 F.3d 1213, 1224-25 (10th Cir. 2006). Petitioner has been repeatedly advised that, under 28 U.S.C. § 2244(b), his motions under Fed. R. Civ. P. 59(e) and 60(b) qualify as second or successive habeas petitions and, unless he obtains prior authorization from the Tenth Circuit Court of Appeals before filing another habeas corpus petition, this Court lacks jurisdiction to consider his claims. See Dkt. ## 70, 75, 81, 95. In light of the disposition of Petitioner's prior motions for relief from judgment, the Court finds it was clear when Petitioner filed the instant motion that the Court lacked the requisite jurisdiction. Therefore, Petitioner's most recent Rule 60(b) motion shall be dismissed without prejudice for lack of jurisdiction. In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008); 28 U.S.C. § 2244(b).

---

[2]The record reflects that on September 4, 2007, the Court denied Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus and entered Judgment in favor of Respondent. See Dkt. ## 47 and 48. Petitioner appealed to the Tenth Circuit Court of Appeals. On March 10, 2008, the Tenth Circuit denied a certificate of appealability and dismissed the appeal. See Dkt. # 62. Petitioner filed a petition for writ of certiorari at the United States Supreme Court. That petition was denied on March 30, 2009. See Dkt. # 64. Since the denial of certiorari review by the Supreme Court, Petitioner has filed a series of motions and petitions attempting to obtain relief from judgment. See Dkt. ## 65, 66, 68, 73, 78, 93, 96. Those requests were dismissed without prejudice as second or successive petitions filed without prior authorization by the Tenth Circuit Court of Appeals. See Dkt. ## 70, 75, 81, 95.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of Petitioner's Rule 60(b) motion is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Petitioner's "Motion for Rule 60(b) Rehearing" (Dkt. # 100) is **dismissed without prejudice** for lack of jurisdiction as a successive petition for writ of habeas corpus filed without prior authorization from the Tenth Circuit Court of Appeals.

2. A certificate of appealability is **denied**.

**DATED** this 19th day of April, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE