**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROBERT EARL JACKSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>REGINALD HINES, Warden, )<br>)<br>Respondent. ) | Case No. 04-CV-0195-CVE-FHM |

**OPINION AND ORDER**

This is a closed 28 U.S.C. § 2254 habeas corpus action. On October 19, 2016, Petitioner, a state inmate appearing pro se, filed his ninth motion for post-judgment relief (Dkt. # 107). This time, Petitioner claims that the Court erred in imposing a procedural bar on one of his habeas claims. For the reasons discussed below, Petitioner's Rule 60(b)(6) motion is denied.

Petitioner filed this most recent motion more than nine years after entry of judgment (Dkt. # 48), and only five days after the Court's dismissal of his last Rule 60(b) motion as a successive habeas petition filed without prior authorization from the Tenth Circuit Court of Appeals. See Dkt. # 106. In contrast to that last motion, the instant motion is not a successive habeas petition because it does not contest the merits of a conviction. See Gonzalez v. Crosby, 545 U.S. 524, 532 n. 4, 533, 538 (2005); see also Spitznas v. Boone, 464 F.3d 1213, 1224-25 (10th Cir. 2006); In re: Pickard, 681 F.3d 1201, 1206 (10th Cir. 2012) (explaining that "a Rule 60(b) motion is actually a second-or-successive petition if the success of the motion depends on a determination that the court had incorrectly ruled on the merits in the habeas proceeding"). Accordingly, Petitioner's most recent motion shall be adjudicated as a "true" Rule 60(b) motion. Spitznas, 464 F.3d at 1225.

Rule 60(b)(6) "is a catchall provision, allowing relief from judgment for 'any other reason justifying relief.'" Davis v. Kan. Dep't of Corrs., 507 F.3d 1246, 1248 (10th Cir. 2007) (quoting Fed. R. Civ. P. 60(b)(6)). "Relief under Rule 60(b)(6) is extraordinary and may only be granted in exceptional circumstances." Id. (internal quotation marks and citation omitted). In the habeas context, relief under Rule 60(b)(6) "will rarely occur." Omar-Muhammad v. Williams, 484 F.3d 1262, 1264 (10th Cir. 2007) (quoting Gonzalez, 545 U.S. at 535).

Petitioner claims that the Court erred in finding that he had failed to demonstrate "cause" to overcome the procedural bar applicable to his claim challenging the trial judge's sentencing policy. See Dkt. # 107 at 2. As "cause," Petitioner argues that the factual basis of his defaulted claim was not reasonably available at the time of his direct appeal because he did not learn of the trial judge's sentencing policy until after the conclusion of his direct appeal. Id. Petitioner's claim is belied by the record. The Oklahoma Court of Criminal Appeals concluded Petitioner's direct appeal on November 20, 2002. However, as determined by the Tenth Circuit Court of Appeals in considering Petitioner's habeas appeal, Petitioner "was aware as of June 13, 2002" of the factual basis of his defaulted claim. See Dkt. # 62 at 5-6. Based on that finding, the claim raised in the Rule 60(b) motion is without merit and cannot serve as "cause" to overcome the procedural bar. Petitioner fails to demonstrate "exceptional circumstances" justifying relief from judgment. For that reason, the Rule 60(b) motion is denied.

Petitioner is advised that any appeal from this ruling will be deemed frivolous and not taken in good faith. As a result, Petitioner will not be allowed to proceed on appeal in forma pauperis should he file a notice of appeal. See 28 U.S.C. § 1915(a)(3). He will be required to prepay the full $505 filing fee for any appeal from this ruling.

**Certificate of Appealability**

A movant is required to obtain a certificate of appealability to appeal from the denial of a Rule 60(b) motion. Spitznas, 464 F.3d at 1218. Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A movant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). When the Court's ruling is based on procedural grounds, a movant must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. In this case, nothing suggests that the Court's procedural ruling resulting in the denial of Petitioner's Rule 60(b) motion is debatable. For that reason, a certificate of appealability is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's "Rule 60(b) Motion" (Dkt. # 107) is **denied**. A certificate of appealability is **denied**.

**DATED** this 21st day of October, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

3